**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Jason Gambert,

Plaintiff,

v.

United States of America,

Defendant.

No. CV-26-04745-PHX-DWL

**ORDER**

On July 6, 2026, pro se Plaintiff Jason Gamber filed the complaint, which alleges that he is the President of the United States and is entitled to a federal salary for holding this position.  (Doc. 1.)

On July 28, 2026, the Clerk of Court entered a minute order requiring that Plaintiff either pay a filing fee of $350.00, plus an administrative fee of $55.00, or file an application to proceed in forma pauperis ("IFP application") without prepayment of fees.  (Doc. 4.)

On August 4, 2026, Plaintiff filed a document, the first half of which is a motion to transfer this action to the United States Court of Federal Claims (Doc. 5 at 1-4) and the second half of which is an IFP application that sets forth the monthly compensation Plaintiff believes he is entitled to as President of the United States—but also indicates that for the past twelve months, he has had no income of any sort, has $216 in cash, and lives with a relative (*id.* at 5-8).

On this record, the Court grants Plaintiff's IFP application.  The Court will screen

Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served.

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* A complaint "is frivolous where it lacks an arguable basis either in law or in fact," such that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id.* at 327. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Id.* at 327-28.

Nevertheless, "this initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the [§ 1915(e)(2)(B)(i)] frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. "An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely."

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Id.* "Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be 'strange, but true; for truth is always strange, [s]tranger than fiction.'" *Id.*

The Supreme Court has declined the invitation to "define the 'clearly baseless' guidepost with more precision" because district courts "are in the best position to determine which cases fall into this category." *Id. See also Hausauer v. City of Mesa*, 2020 WL 7342832, *5-7 (D. Ariz. 2020) (collecting cases where district courts deemed complaints "wholly incredible" or "clearly baseless" and contrasting that standard with allegations that are merely "improbable and highly coincidental").

These allegations in the complaint are clearly baseless. They are fanciful and delusional in that they allege that Plaintiff "assumed the Office of the President of the United States" on February 1, 2015, remained President through the 2016, 2020, and 2024 elections, and remains President to this day, actively working in this position so as to be entitled to a salary for it. (Doc. 1 at 2.) The facts alleged are "so incredible that they need not be accepted as true." *Maxey v. KCRA Television, Inc.*, 2015 WL 6951277, *2 (E.D. Cal. 2015).

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). Here, the complaint is entirely fanciful. Without the fanciful allegations, the complaint is devoid of facts. The complaint has no foundation upon which additional or alternative factual allegations could be built to create a non-frivolous action. Under the circumstances, it is absolutely clear that Plaintiff cannot cure the deficiencies of the complaint by amendment.

Accordingly,

**IT IS ORDERED granting** the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 5 at 5-8).

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **dismissed** without leave to amend.    The Clerk of Court shall terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that to the extent the document at Doc. 5 is a motion to transfer venue, it is **denied as moot**.

Dated this 4th day of August, 2026.

_____
Dominic W. Lanza
United States District Judge